## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

VINCENT PETER PEREZ,
DOB: 12/20/1991

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0056-19**
GPD Report No. 19-02889

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION AND
IMPOSE JAIL SENTENCE**

This matter came before the Honorable Alberto E. Tolentino on September 4, 2025, for a Revocation Hearing. Defendant Vincent Peter Perez ("Defendant") was present with counsel Public Defender Adam Gunkel. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments regarding the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

## BACKGROUND

Based on events that occurred on or about January 30, 2019, the Defendant was charged via Indictment with the following offenses: POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); RECKLESS CONDUCT (As a Misdemeanor); and UNAUTHORIZED USE OF A MOTOR VEHICLE (As a Misdemeanor). *See* Indictment (Feb. 8, 2019).

Upon the Defendant's oral motion for release, the court released the Defendant on conditions while the matter was pending disposition. *See* Criminal Trial Setting Mins. at 10:17:42 – 23:02AM (Feb. 20, 2019). On July 25, 2019, the court accepted the Defendant's guilty plea to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and UNAUTHORIZED USE OF A MOTOR VEHICLE (As a Misdemeanor). *See* Judgment (Aug. 13, 2019). Following the court's acceptance of his guilty plea, the Defendant was placed on five (5) years of probation.

During his term of probation, the Defendant received seven (7) violations from the Probation Service Division ("Probation"). For the first violation, the report indicated that the Defendant failed to report to Probation as ordered since his release on July 25, 2019. *See* 1st Violation Report (Sep. 23, 2019). On the day Probation filed this violation, the Defendant also failed to appear for his court hearing, which led the court to issue a bench warrant for his arrest. *See* Bench Warrant (Sep. 24, 2019). After the warrant's return on October 9, 2019, the court released him at a Progress Hearing. *See* Progress Hr'g Mins. at 10:52:14AM (Nov. 6, 2019).

For the Defendant's second violation, Probation noted the Defendant's:

1. Failure to obey all the laws of Guam. On October 11, 2019, a magistrate complaint was filed against the Probationer for the charges of Second Degree Robbery (As a Second Degree Felony) with Special Allegations: Possession or Use of a Deadly Weapon in the Commission of a Felony and Third Degree

Robbery (As a Third Degree Felony) with Special Allegations: Possession or Use of a Deadly Weapon in the Commission of a Felony in CF0547-19.

2nd Violation Report (Sep. 8, 2020). For the third violation, the report indicated that the Defendant violated the following conditions:

1. Failure to complete treatment with Lighthouse Recovery Center.
2. Failure to complete 24 self-help meetings.
3. Failure to make monthly payment to fine and court cost of $5,080.00.
4. Failure to perform and complete 150 hours of community service.

3rd Violation Report (July 27, 2022). The court issued a Summons for the Defendant's appearance at an upcoming Violation Hearing. *See* Summons (Aug. 22, 2022). Shortly after, Probation filed a fourth violation against the Defendant after he admitted to consuming illegal controlled substances. *See* 4th Violation Report (Sep. 2, 2022). Despite the court addressing this violation, Probation filed a fifth violation for the Defendant's failure to report once a week in person. *See* 5th Violation Report (Oct. 12, 2022). In response to the Defendant's fifth violation, the court subsequently issued a bench warrant. *See* Bench Warrant (Nov. 21, 2022).

After this warrant's return on June 16, 2023, the court committed the Defendant to the Department of Corrections ("DOC") with an auto-release date of July 6, 2023. *See* Return of Warrant Hr'g Mins. at 4:03:17PM (June 20, 2023). The People filed its Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke") on June 21, 2023. *See* Ppl.'s Mot. Revoke (June 21, 2023). On July 11, 2023, the Defendant filed his Opposition to the Motion to Revoke. *See* Def.'s Opp'n (July 11, 2023).

For the Defendant's sixth violation, the report indicated that the Defendant failed to "obey all the laws of Guam" after the Defendant was charged with Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). 6th Violation Report (Aug. 10, 2023). Due to the pending disposition of the Defendant's other criminal matter, the court continued the

Defendant's Revocation Hearing several times.[1] Probation later filed a seventh violation against the Defendant for the following reasons:

1. Failure to report to the Probation Office, three times a week. He last reported on 9/16/22.
2. Failure to pay in full fine and cost of $5080.00.
3. Failure to complete 24 self-help meetings
4. Failure to report back to Guam Behavioral Health & Wellness Center. The Defendant initially completed treatment with Lighthouse Recovery Center on 10/21/21 but was instructed to report back for treatment for testing positive on 8/29/22, after completing.

***It is noteworthy to mention that the Defendant was released from the Department of Correctio[n]s in CF0409-22, on April 7, 2025.

7th Violation Report (Apr. 22, 2025). Because the Defendant failed to appear for a Progress Hearing, the court issued another bench warrant against him. *See* Progress Hr'g Mins. at 3:02:20PM (Apr. 23, 2025).

After addressing the warrant's return on August 7, 2025, the court committed the Defendant to DOC and scheduled another Revocation Hearing. *See* Return of Warrant Hr'g Mins. at 3:55:57PM (Aug. 7, 2025). At the Revocation Hearing, the court addressed the Motion to Revoke and the People's Opposition. *See* Revocation Hr'g Mins. at 2:15:45PM (Sep. 4, 2025). After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless

---

[1] *See* Revocation Hr'g Mins. at 2:47:10PM (July 2, 2024); *see also* Revocation Hr'g Mins. at 2:17:58PM (Aug. 8, 2024); *see also* Revocation Hr'g Mins. at 2:14:09PM (Oct. 24, 2024); *see also* Revocation Hr'g Mins. at 2:07:52PM (Dec. 12, 2024); *see also* Revocation Hr'g Mins. at 2:30:52PM (Mar. 26, 2025).

the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

## A. Defendant Perez violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant accumulated seven (7) violations of probationary conditions. The court can factually determine that all these violations actually occurred after reviewing the court's record of events. For instance, the court issued two (2) summons and four (4) bench warrants when the Defendant was not present at a hearing. As seen in the court's review of all his violations above, the Defendant himself either justified his violations in open court or admitted to them through his written declaration. Based on the violation reports, the Defendant's

admission, and Probation's testimony at the Revocation Hearing, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. Defendant Perez's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation warrants revocation when the violation upsets the intent of the probationary conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

At the time the People filed the Motion to Revoke, it argued that his little compliance over the past three (3) years on probation show that he "is not availing himself of the supportive services designed to protect society and the defendant himself from the defendant's future

criminality." Ppl.'s Mot. Revoke at 6. In the Opposition, the Defendant argued how revocation was a "radical penalty" when there was still sufficient time for the Defendant to complete the rest of his conditions. Def.'s Opp'n at 2.

Rather than revoke his probation, the Defendant asked for one more opportunity to engage in in-patient treatment. *See* Revocation Hr'g Mins. at 2:18:30 – 18:45PM. When asked for any valid excuse for not completing his probationary conditions after five (5) years, the Defendant acknowledged that it was due to his heavy drug use, which is why he needs treatment. *Id.* at 2:20:18 – 22:15PM.

The substantial requirement imposed as a condition in *this* case was the Defendant's completion of treatment. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. However, sobriety becomes unattainable without the right support. Although the court commends the Defendant for completing residential treatment back in 2021, he did not remain sober after Probation noted his continuous positive test results and a new possession charge; the most recent being in 2023. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he does not apply the principles of residential treatment to maintain sobriety and no longer need treatment.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Notwithstanding his outstanding fines and community service, the Defendant at least agreed to come to all court hearings. And based on his performance under pre-trial release conditions, the Defendant has previously shown that he can comply with terms. Since the court accepted his guilty plea in this case, the Defendant

has shown the court he cannot appear in court or check in without the court issuing a summons or arrest warrant to guarantee his presence. Additionally, the Defendant continued to disobey the laws of Guam in two subsequently issued criminal matters; one involving the possession and use of a deadly weapon.

The court agrees with the Defendant that further treatment is needed. In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own again, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow DOC's supervision and assistance of the Defendant on his path to sustained sobriety through the RSAT program.

Because the Defendant has inexcusably failed to comply with substantial conditions of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

\\

\\

\\

\\

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE (3) YEARS** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's three-year sentence.

**SO ORDERED** this **DEC 0 2 2025** .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_OAG & PDSC_

Date 12/2/25 Time: 4:39
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam